John E. BARTA and Donna F. Barta, Appellees,

v.

Daniel R. CROW, Appellant.

No. 86–5437.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1987.

Decided July 13, 1987.

Gary L. Monserud, Rapid City, S.D., for appellant.

Frank Driscoll, Rapid City, S.D., for appellees.

Before ARNOLD, Circuit Judge, WRIGHT,[*] Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

This is an action for breach of contract governed by South Dakota law. The District Court[1] entered judgment for the plaintiffs, John E. Barta and Donna F. Barta, in the total amount of $160,838.00 and costs, and the defendant, Daniel R. Crow, appeals. The case arises out of the Bartas' claim that Crow broke a contract to buy land from them.

The contract sued on, which is helpfully set forth in full text in an addendum to the appellant's brief, described the purchase price of the acreage to be sold by the Bartas to Crow as follows:

A. $60,000.00, which shall be represented by free and clear title to 160 acres (SW ¼ NE ¼, SE ¼ NW ¼, NE ¼ SW ¼ & NW ¼ SE ¼, Section 34, TWP 1 S, Range 1E, Pennington County, South Dakota, which shall be conveyed by Purchaser to Seller at the time the Agreement is executed, by Purchaser's general warranty deed, such conveyance to represent Purchaser's earnest deposit.

B. The following items shall be delivered by Purchaser to Seller, against delivery of the Property by Seller, at the Closing:

(1) $250,000.00 in cash.

(2) $1,000,000.00, which shall be represented by a free and clear 10% limited partnership interest (the "Interest") in DCI–8200, Ltd., a C,olorado limited partnership, (the "Partnership") of which Purchaser is the managing general part-

ner. The Partnership is the sole owner of an office complex at 8200 East Belleview in the Denver Technological Center. The Interest will be subject to special provisions, as follows:

(i) Seller shall receive from the Partnership with respect to the Interest cash distributions of $50,000 per year, with the full $50,000 to be distributed not later than October 31 of each year, with such distributions, to the extent possible, to be on a basis which does not cause them to be part of Seller's taxable income.

(ii) Purchaser shall have the option to purchase the Interest (and all associated rights) from Seller at any time within the five year period following the Closing for $1,250,000 in cash.

(iii) Seller shall have the right (a "put") to cause Purchaser to purchase, and, if that put is executed, Purchaser shall purchase, from Seller, the Interest (and all associated rights) for a price of $1,000,-000.00 cash. Seller's put shall be exercisable by six months notice to Purchaser given only within the fifth year after the date of the Closing.

Crow urges three points on appeal: (1) that the District Court erred in deciding, on summary judgment, that the document in question, a portion of which has just been quoted, was a contract, as opposed to a mere letter of intent not meant by the parties to create binding obligations; (2) that the District Court ought to have sustained Crow's defense of frustration of purpose; and (3) that the District Court failed, in computing damages, to reduce the stream of future payments expected by the sellers to present value by some form of discounting. As already indicated, the question whether the document sued on is a contract was decided on summary judgment, but thereafter a trial to the court was held, and the District Court delivered from the bench (a practice we encourage) findings of fact and conclusions of law embodying its computation of damages and

---

[*] The Hon. Eugene A. Wright, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Hon. Richard H. Battey, United States District Judge for the District of South Dakota.

its implicit rejection of the defense of frustration of purpose.

Because this case is governed completely by state law, our opinion will have no precedential or binding effect on the courts of South Dakota, and we therefore forego a full analysis. With respect to the first two points urged by appellant, whether there was a contract and whether its purpose was frustrated, we believe no discussion is necessary in this opinion. On matters of state law we normally defer to the district courts applying the law of the states in which they sit, and we follow that practice here.

The most substantial question, and the one on which appellant lays greatest stress, is the computation of damages. Everyone agrees that the measure of damages is the difference, if any, between what Crow promised to give the Bartas, and the fair market value of the land in question as of the date of the breach. In computing the first of these two figures, "the amount which would have been due to the Seller under the contract," SDCL 21–2–4 (1987), the District Court simply used the face value of the contract, a total of $1,310,000, made up of $60,000 "represented by free and clear title to 160 acres," $250,000 in cash, and "$1,000,000, which shall be represented by a free and clear 10% limited partnership interest ... in DCI–8200 Ltd." Under the terms of the contract, Crow contends, the last named element of the promised consideration, taken by the District Court at its full face amount of $1,000,000, should have been treated, instead, as a promise to pay the Bartas $50,000 in cash each year for five years, followed by a final payment of $1,000,000. It was error, Crow argues, for this stream of future payments not to be discounted to some present value. And, appellant adds, if this discounting had taken place, it would have been apparent that the Bartas suffered no damages whatever, apart from certain items of consequential damages that are not in dispute.

We agree that a promise to pay a sum certain in the future is worth less than the payment of this sum in the present, and, if this contract were in fact a promise to make future payments over a period of time, Crow's argument would be inescapable. We do not so interpret the contract. The third element of the consideration is not money at all, but rather the conveyance of specific property, a certain limited partnership interest, which the parties agree to "represent" $1,000,000. This conveyance was to take place in the present, at the time of closing, not in the future. Accordingly, it is entirely proper to treat the full $1,000,000, the value that the parties agreed to attribute to the limited partnership interest, as part of the consideration that the sellers would have received absent the breach. It was not error for the District Court to use the full face amount of the contract, $1,310,000, in its computation of damages, though we reach this result by a somewhat different route from that taken by the Court below.

In short, we find no error of law affecting substantial rights, and no clearly erroneous finding of fact. The judgment is affirmed.